UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05CR-26-R

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.

DAVID ELLIOTT                                                                      DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant David Elliott's Motion to Suppress evidence obtained as a result of a search conducted on August 11, 2005, by the Kentucky State Police Department of Defendant's home located at 5633 Pottertown Road in Calloway County in Murray, Kentucky (Docket #28). The United States filed a response (Docket #34) to which the Defendant replied (Docket #36). The United States filed a supplemental response (Docket #39) to which the Defendant replied (Docket #41). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Suppress is **DENIED**.

## BACKGROUND

On August 7, 2005, Officer Kevin Bearsby, a deputy for the Calloway County Sheriff's Office, responded to a domestic violence call at 5633 Pottertown Road in Calloway County in Murray, Kentucky, the residence of Defendant and Paula Elliott. The call came from William Elliott, Defendant and Paula Elliott's son, who indicated that there had been an argument at the residence and that he heard a gunshot fired as he was leaving the residence. When Officer Bearsby arrived at the residence he spoke with Defendant who stated that there were no shots fired and that he did not own any firearms. Officer Bearsby questioned William Elliott about the shots fired and he stated that there were guns in the closet of one of the bedrooms. Paula Elliott

1

showed Officer Bearsby the closet where she stated the guns were located. Approximately four long guns were in the closet. Both Defendant and Paula Elliott admitted that the guns were there but stated that they had forgotten the guns were in the house. Officer Bearsby later ran a criminal history check on Defendant and learned that he is a convicted felon and not entitled to have any firearms in his possession. Officer Bearsby then obtained the August 10, 2005, search warrant signed by Calloway District Judge Carroll, submitting two affidavits. The first affidavit was prepared on August 9, 2005, and was sworn to before Leanne Weaver, a notary public and secretary with the Calloway County Attorney's Office. The second affidavit was prepared on August 10, 2005, and sworn to before Pamela Cohoon, a notary public and secretary with the Commonwealth Attorney's Office. The search warrant was executed on August 11, 2005. An agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives also participated in the execution of the search warrant.

## DISCUSSION

Kentucky Rule of Criminal Procedure (Rcr) 2.02 states that a:

> complaint is a written statement of the essential facts constituting the offense charged. It shall be made under oath and signed by the complaining party before a judge or a person who (a) is legally empowered to administer oaths and (b) has been authorized to administer such oaths to a complaining party by written order of a judge for the county having venue of the offense charged.

Defendant asserts that the search of his home was conducted pursuant to an invalid search warrant as no order has been located authorizing either notary public to swear the affidavit and, therefore, the evidence collected pursuant to this warrant should be suppressed. Plaintiff contends that the evaluation of the warrant should be based on federal law and that Kentucky procedural requirements should not control the validity of the warrant. Plaintiff

2

asserts that if Kentucky procedural requirements are controlling, both Weaver and Cohoon were authorized to administer oaths for such warrants and thus the warrant was valid. Plaintiff argues that even if Weaver and Cohoon were not authorized to administer these oaths, the evidence should not be suppressed as Officer Bearsby relied upon the validity of the warrant in good faith.

Kentucky procedural requirements determine the validity of the search warrant at issue here. *See United States v. Bennett,* 170 F.3d 632, 638 (6th Cir. 1999) (applying constitutional and state procedural requirements to determine the validity of a search warrant where the warrant was obtained and the search conducted by state officials). Although an order was filed on March 6, 2006, signed by Calloway District Judge Carroll authorizing certain named individuals including Weaver to secure affidavits in support of warrants, there was no order that has been located prior to this date authorizing either Weaver or Cohoon to secure affidavits in support of search warrants. Therefore, pursuant to Rcr 2.02, the warrant obtained by Officer Bearsby on August 10, 2005, was an invalid search warrant as neither Weaver nor Cohoon were authorized to swear the affidavit by a written order of a judge of Calloway County.[1]

Although neither Weaver nor Cohoun had the authority to administer the oath, this mistake would have been only technical in nature, and Officer Bearsby would have relied

---

[1] Plaintiff produced a November 8, 2000, order signed by Calloway District Judge Furches naming Weaver and Cohoon as authorized to administer oaths for arrest warrants obtained from the Calloway County Commonwealth Attorney Office and an April 16, 2001, order signed by Judge Furches authorizing Weaver and Cohoon to administer oaths for arrest warrants obtained from the Calloway District Court Judge Office. Copies of these orders could not be found in the Office of the Clerk of the Calloway District Court Clerk. Neither of these orders authorized either Weaver or Cohoon to administer oaths for search warrants.

upon the validity of the warrant in good faith under the standard set by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 923 (1984). In *Leon*, adopted as law by Kentucky in *Crayton v. Commonwealth*, 846 S.W.2d 684 (Ky. 1992), the Supreme Court held that evidence seized by police should not be suppressed if it is obtained pursuant to a search warrant, which may later be determined to be flawed, if the officer executing the warrant had an objectively reasonable good faith belief in the probable cause determination by the administrator of the oath and the sufficiency of the warrant. *Leon*, 468 U.S. at 923. In the instant matter, it could reasonably be found that Officer Bearsby had a good faith belief that Weaver and Cohoon had the authority to administer the oath in light of the fact that the warrant in question was subsequently signed by Judge Carroll after the oath was administered, but prior to the execution of the search.

The Defendant relies on *Commonwealth v. Shelton*, arguing that the Kentucky Supreme Court holding in that case precludes the application of the good faith reliance rule in the instant matter because it is a jurisdictional, not a technical error. *Commonwealth v. Shelton*, 766 S.W.2d 628, 629-30 (Ky. 1989). However, in contrast to *Shelton*, which involved a trial commissioner who had not received a temporary appointment extending his authority outside his home county, the instant matter involves officials only acting within Calloway County. As such, if neither Weaver nor Cohoon had the authority to administer the oath, such an error would only be technical and not jurisdictional because neither attempted to administer an oath outside of Calloway County. *See United States v. White*, No. 3:05CR-141-R, 2006 U.S. Dist. LEXIS 31277, at *5 (W.D. Ky. May 16, 2006). Accordingly, even if neither Weaver nor Cohoon had the authority to administer the oath,

4

Officer Bearsby had a good faith belief to execute the warrant.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Suppress is **DENIED**.

An appropriate order shall issue.